## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| v. | ) | ID No. | 2304010070 |
| | ) | | |
| JAIAYRE BROWN, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## <u>ORDER</u>

On this 21st day of August, 2024, upon consideration of Jaiayre Brown's ("Defendant") *pro se* Motion for Sentence Reduction (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On August 29, 2023, Defendant pled guilty to Carrying a Concealed Deadly Weapon ("CCDW") (Class D Violent Felony) and Possession of Ammunition by a Person Prohibited ("PABPP") (Class D Nonviolent Felony).

2. On September 7, 2023, the Court sentenced him to: (1) CCDW, eight years of Level V supervision, suspended after six months for eighteen months of Level III supervision, and (2) PABPP, eight years of Level V supervision, suspended after three years for six months of Level IV supervision (DOC Discretion), followed by one year and six months of Level III supervision.[2]

---

[1] D.I. 15.
[2] D.I. 14.

3. On May 30, 2024, Defendant filed the instant Motion, in which he requests that the Court modify his sentence for PABPP to eight years of Level V supervision, suspended after two years for two years and six months of Level III supervision.[3] This would eliminate the Level IV period of Defendant's sentence. Further, Defendant requests that the Level V portions of his CCDW and PABPP sentences be made to run concurrently.[4] In support, Defendant asserts that he (1) has obtained employment at the correctional facility; (2) has served his Level V time productively and rarely been disciplined; (3) made plans to obtain outside employment during probation, in accordance with Department of Correction rules; and (4) will have access to a community support system and employment opportunities upon release.[5]

4. Rule 35(b) provides that the Court can "reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed." A timely, non-repetitive Rule 35(b) motion is "essentially a 'plea for leniency.'"[6] If a defendant's motion for sentence reduction satisfies these procedural requirements, the Court has "broad discretion to decide if it should alter its judgment."[7]

---

[3] D.I. 15. The legal descriptions and requests for relief in the Motion mistakenly reverse the terms of Defendant's sentence for CCDW with those of his sentence for PABPP. *Id.* The Court interprets Defendant's requests for sentence reduction according to the respective sentence terms they seek to reduce.

[4] *Id.* The sentence order in this case already provides that the probationary periods of these sentences run concurrently. D.I. 14.

[5] *Id.*

[6] *State v. Panaro*, 2022 WL 4362929, at *1 (Del. Super. Sept. 20, 2022) (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002)).

[7] *State v. Cruz*, 2015 WL 3429939, at *2 (Del. Super. May 26, 2015).

5. Defendant's Motion is his first motion to reduce the sentence in this case. However, the Motion was made more than ninety days after the sentence was imposed, so the Motion is procedurally barred as untimely. Further, Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court that would warrant a reduction of Defendant's sentence.[8] Hence, for the foregoing reasons, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[8] A Rule 35(b) motion "is not the proper vehicle for seeking modification based on rehabilitation." *State v. Culp*, 152 A.3d 141, 146 (Del. 2016). Instead, on a defendant's behalf, the DOC may file an application for sentence modification with the Board of Parole pursuant to 11 *Del. C.* § 4217 for good cause, which includes rehabilitation of the defendant. *Id.* Further, positive behavior while incarcerated is not a proper basis for sentence modification or reduction. *State v. Weidow*, 2015 WL 1142583, at *2 (Del. Super. Mar. 11, 2015) ("However, remorse and positive behavior while incarcerated are not bas[es] to modify or reduce a sentence that was appropriate at the time of sentencing."); *State v. Baker*, 2020 WL 3060577, at *3 (Del. Super. June 9, 2020) ("Education, maturation, and insight are not grounds for release.").